MOORE, Chief Justice
(concurring specially).
Ricky Dean Butler was convicted of possession of controlled substances and was sentenced to 6 months in prison for possession of a marijuana cigarette and to 10 years’ imprisonment for possession of one Valium tablet. He was also convicted of manufacturing methamphetamine and was sentenced to 35 years on that conviction. Butler claims that the convictions for possession of marijuana and Valium constitute a single crime and that he was placed in double jeopardy by being convicted of two crimes for a single offense. On direct appeal, the Court of Criminal Appeals affirmed his convictions and sentences on July 15, 2010. Butler v. State (No. CR-10-0243), 114 So.3d 166 (Ala.Crim.App. 2011) (table).
Butler filed the instant Rule 32, Ala. R.Crim. P., petition for postconviction relief in September 2013, which the trial court denied. The Court of Criminal Appeals affirmed the trial court’s judgment by an unpublished memorandum. Butler v. State (No. CR-13-1484, April 10, 2015), — So.3d - (Ala.Crim.App.2015) (table).
Butler argues that double-jeopardy principles prohibit his being sentenced separately for drug-possession offenses that occurred at the same time and in the same place. He cites Vogel v. State, 426 So.2d 863 (Ala.Crim.App.1980), for the proposition that federal and state constitutional double-jeopardy provisions “prohibit the splitting of a single criminal act so as to justify multiple prosecutions for the identical criminal behavior.” 426 So.2d at 879. In Vogel, the defendant was separately *697 convicted for each of the different banned substances he possessed. Those convictions, however, all arose from the violation of a single statute, § 20-2-70(a), Ala;Code 1975 (repealed in 1987), which made possession of certain enumerated substances a felony and provided for a single sentence for that possession. Vogel, 426 So.2d at 878.
In this case, however, Butler’s marijuana- and Valium-possession convictions arise under separate statutes that have different elements and sentencing provisions. Butler’s conviction and sentence for possession of Valium arose under §' 13A-12-212, Ala.Code 1975, a statute similar to the statute in Vogel that makes possession of any drug listed on certain schedules a felony. The conviction for marijuana possession, however, arose under a separate statute — § 13A-12-214, Ala.Gode 1975— that makes possession of marijuana for personal use a misdemeanor. Thus, unlike the situation in Vogel, where the possession of different controlled substances made criminal under the same statute was split into multiple prosecutions, Butler committed two separate and distinct criminal offenses under two separate and distinct statutes.
Rather than being convicted twice under the same statute, Butler was convicted under two separate statutes the elements and sentencing provisions of which differ. Therefore, I concur in denying his petition for- a writ of certiorari.